J-S23008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| JAMES REAVIS, | |
| Appellant | No. 328 EDA 2014 |

Appeal from the Judgment of Sentence January 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CP-0010703-2012

BEFORE: DONOHUE, SHOGAN, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED AUGUST 26, 2016**

Appellant, James Reavis, appeals from the judgment of sentence entered on January 9, 2014, in the Philadelphia County Court of Common Pleas. We affirm.

The trial court set forth the relevant facts and procedural history of this matter as follows:

> The complainant, Mr. Babatunde Olabode (Olabode) testified that he is the owner of the premises 603 South 60th Street in the City of Philadelphia, which he described as a duplex containing two apartments. Olabode testified that, [Appellant] occupied the upstairs apartment with his wife and eight children and that, although he did not live in the unit, he maintained the ground floor unit for himself. (N.T., 8/6/13 pgs. 30, 32, 52, 67) Olabode further testified that on July 6, 2012, at approximately 11:30 a.m., he observed [Appellant] kick open the door to his ground floor unit, enter with two other men, remove tools he kept in the unit and load them into a car. (N.T., 8/6/13 pgs. 33,

---

[*] Retired Senior Judge assigned to the Superior Court.

35, 39, 42, 74) Olabode then called the police two to three times for assistance without a response. (N.T., 8/6/13 pgs. 43, 94)

Olabode confronted [Appellant] accusing him of stealing his tools. [Appellant] turned, lifted up his shirt, displaying a semiautomatic pistol, and said; "Nigger, if you come here I'll blow your head off." (N.T., 8 /6/13 pgs. 44, 53, 54) Olabode also testified that several months prior to this incident Olabode had initiated proceedings to evict [Appellant] for the nonpayment of rent and that this was not the first time that he had been threatened by him. (N.T., 8/6/13 pgs. 33, 45, 46, 54, 67, 77, 78)

Trial Court Opinion, 9/11/14, at 3.

On August 10, 2012, [Appellant] was arrested and charged with, inter alia; 1) Burglary pursuant to 18 Pa. C.S.A. §3502(a); 2) Criminal Conspiracy pursuant 18 Pa.C.S.A. 903(a) to commit Burglary; 3) Theft by Unlawfully Taking Moveable Property pursuant to 18 Pa.C.S.A. §3921(a); 4) Firearms Not to be Carried Without a License pursuant to 18 Pa.C.S.A. §6106(a)(1); 5) Carrying Firearms on Public Streets or Public Property in Philadelphia pursuant to 18 Pa.C.S.A. §6108; 6) Possession of an Instrument of a Crime with Intent pursuant to 18 Pa.C.S.A. 907(a); and 7) Terroristic Threats with Intent to Terrorize Another pursuant to 18 Pa C.S.A. §2706(a)(1). On August 8, 2013, at the conclusion of his jury trial, [Appellant] was found guilty only on the charge of Terroristic Threats and not guilty on all other charges. On October 16, 2013, [Appellant] was sentenced to a period of confinement in a state correctional facility of 2½ to 5 years.

On October 22, 2013, [Appellant] timely filed a Post-Sentence Motion for Reconsideration of his Sentence pursuant to the Pennsylvania Rules of Criminal Procedure, Pa.R.Crim.P. 720. On January 9, 2014, after a hearing, the Court granted [Appellant's] motion vacating his sentence of October 16, 2013 and imposing a new sentence of 5 years [of] probation.

On January 23, 2014, [Appellant] timely filed the instant appeal, pro se, to the Superior Court of Pennsylvania. On February 4, 2014, this Court filed and served on [Appellant] an Order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, directing [Appellant] to file and serve a

- 2 -

> Statement of Errors Complained of on Appeal, within 21 days of the Court's Order. On February 25, 2014, the Court denied [Appellant's] Petition to dismiss trial counsel and to appoint new appellate counsel. The Court granted [Appellant] additional time within which to file his Statement of Errors.
>
> On April 30, 2014 [Appellant] filed a "Motion for Extension to File Statement of Matters Complained of on Appeal" which the Court granted on May, 20, 2014. … On June 16, 2014, [Appellant] timely filed his statement of errors[.]

Trial Court Opinion, 9/11/14, at 1-2.

When this appeal first reached our Court, Appellant's counsel filed a motion to withdraw and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967) and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009). On review, we concluded that counsel's brief failed to comply with the requirements set forth in **Anders** and **Santiago**, and we remanded for counsel to either comply with those requirements or file an advocate's brief. **Commonwealth v. Reavis**, 328 EDA 2014, 122 A.3d 448 (Pa. Super. filed May 13, 2015) (unpublished memorandum).

When Appellant's counsel failed to comply with this Court's directive, we entered an order directing the trial court to appoint new counsel. Order, 8/17/15. The trial court appointed current counsel, David W. Barrish, Esquire, and on September 30, 2015, Attorney Barrish entered his appearance in this matter. After two extensions of time, Attorney Barrish filed an advocate's brief on March 4, 2016. Inexplicably, and despite also receiving two extensions of time, the Commonwealth failed to file a brief. Despite this dereliction, we address Appellant's appeal.

In this appeal, Appellant raises one issue for this Court's consideration:

> Did the trial court err when it found that there was sufficient evidence to prove the crime of terroristic threats beyond a reasonable doubt?

Appellant's Brief at 2 (full capitalization omitted).

Our standard of review when considering a challenge to the sufficiency of the evidence is well settled:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof or proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all evidence actually received must be considered. Finally, the trier of fact while passing upon the credibility of witnesses and the weight of the evidence produced, is free to believe all, part or none of the evidence.

***Commonwealth v. Lehman***, 820 A.2d 766, 772 (Pa. Super. 2003).

Appellant argues that there was insufficient evidence to sustain the conviction for terroristic threats. Pursuant to 18 Pa.C.S. § 2706(a)(1), a person commits the crime of terroristic threats if he communicates, either directly or indirectly, a threat to "commit any crime of violence with intent to

terrorize another." 18 Pa.C.S. § 2706(a)(1). "[I]t is unnecessary for an individual to specifically articulate the crime of violence which he or she intends to commit where the type of crime may be inferred from the nature of the statement and the context and circumstances surrounding the utterance of the statement." *Commonwealth v. Hudgens*, 582 A.2d 1352, 1358 (Pa. Super. 1990). Moreover:

> The Commonwealth must prove that 1) the defendant made a threat to commit a crime of violence, and 2) the threat was communicated with the intent to terrorize another or with reckless disregard for the risk of causing terror. Neither the ability to carry out the threat, nor a belief by the person threatened that the threat will be carried out, is an element of the offense. Rather, the harm sought to be prevented by the statute is the psychological distress that follows from an invasion of another's sense of personal security.
>
> Section 2706 is not meant to penalize mere spur-of-the-moment threats which result from anger. However, being angry does not render a person incapable of forming the intent to terrorize. This Court must consider the totality of circumstances to determine whether the threat was a result of a heated verbal exchange or confrontation.

*Commonwealth v. Reynolds*, 835 A.2d 720, 730 (Pa. Super. 2003) (internal citations and quotation marks omitted).

After review, we conclude that under the totality of the circumstances there was sufficient evidence to sustain Appellant's conviction for terroristic threats. The jury chose to believe Mr. Olabode's trial testimony wherein he said that on July 6, 2012, Appellant threatened him with violence. N.T., 8/6/13, at 44-45. As noted above, Mr. Olabode stated that Appellant lifted his shirt and displayed his pistol. *Id*. at 44. After "flashing" or displaying

his pistol, Appellant then communicated to Mr. Olabode that he would "blow [Mr. Olabode's] head off." *Id*. at 53-54. This testimony amply supports a conviction for terroristic threats.

For the reasons set forth above, we conclude that Appellant is entitled to no relief. Accordingly, we affirm Appellant's judgment of sentence.

Judgment of sentence affirmed.

Judge Donohue did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/26/2016